UNITED STATES of America,

v.

Steven M. TIELSCH, Appellant.

No. 03–2435.

United States Court of Appeals,
Third Circuit.

Argued Feb. 9, 2004.

Decided March 8, 2004.

Bonnie R. Schlueter, Christine A. Sanner (argued), Office of United States Attorney, Pittsburgh, PA, for Appellee.

W. Penn Hackney, Karen S. Gerlach (argued), Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before SCIRICA, Chief Judge, ROTH and McKEE, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Steven M. Tielsch appeals from the judgment of conviction and sentence imposed by the district court, arguing that the government violated his plea agreement. Because we find that the government upheld all of its promises under the agreement, we will affirm the conviction and sentence.

I.

Since we write only for the parties, it is not necessary to recite the facts of this case except insofar as may be helpful to our brief discussion.

On March 18, 2003, the United States Probation Office prepared a presentence investigation report, which provides, in relevant part:

According to the provisions of U.S.S.G. § 5G1.3(c), the sentence for the instance offense may be imposed to run concurrently, partially concurrently, or consecutively to the undischarged [state sentence]. However, pursuant to the plea agreement, the parties agree to recommend to the Court that the sentence be

imposed to run concurrently with the 10–to–20 year sentence imposed [by the state court]. Nonetheless, the parties have indicated that they will take differing positions as to the effective date of the concurrent federal sentence. Defense counsel will argue that the federal sentence should be imposed to run retroactively concurrent with the state sentence (effective date of January 18, 2000).... Government counsel will argue that the federal sentence should be imposed to be served concurrently with the state sentence, effective on the date of the federal sentencing.

Tielsch's counsel indicated that he had no objection to the report, and prior to sentencing, both parties submitted memoranda detailing their respective positions regarding the effective date of the federal sentence.

On April 30, 2003, Tielsch was sentenced to 216 months imprisonment to run concurrently with his state sentence. The federal sentence was to begin on the date it was imposed rather than on the date of Tielsch's arrest on state charges, or the date the detainer lodged.

## II.

There is no question that the government must keep a promise made in a plea agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When the government fails to adhere to the plea agreement, the sentence must be vacated and the case remanded to the district court to either allow the appellant to withdraw his plea or grant specific performance of the plea agreement." *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir.1989). Plea agreements are contractual in nature, and they are therefore governed under contract law principles. *Id.* However, courts must also "ensure that the plea bargaining process is

'attended by safeguards to insure the defendant [receives] what is reasonably due in the circumstances.'" *Id.* (quoting *Santobello*, 404 U.S. at 262). "In determining whether the terms of a plea agreement have been violated, [the] court must determine whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty." *United States v. Badaracco*, 954 F.2d 928, 939 (3d Cir.1992) (citation and internal quotations marks omitted). "However, cases of disappointed but unfounded expectations must be carefully distinguished from those in which the defendant's expectations as to his sentence are predicated upon promises by the Government or statements from the court." *Id.* (citation and internal quotation marks omitted). Since the facts here are undisputed, the issue of whether the government's conduct violated the terms of the plea agreement is a question of law which we review *de novo*. *Moscahlaidis*, 868 F.2d at 1360.

This dispute centers around the government's promise to "recommend to the court that the sentence in this case be imposed to run concurrently with the 10 to 20 year sentence imposed" by the state court. More specifically, the parties disagree about the meaning of the term "concurrently." The government recommended that the two sentences run concurrently from the date the federal sentence was imposed (April 30, 2003). Tielsch, on the other hand, argued that the sentences should run fully or retroactively concurrent from the date of his state arrest (February 17, 2000), or alternatively, the date the federal detainer was lodged against him (February 25, 2000).

As an initial matter, it is important to note that the plea agreement itself is silent as to the meaning of concurrently. There is no evidence that the parties discussed

the meaning of the term prior to Tielsch's plea hearing, where he pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of § 846. Moreover, in *Ruggiano v. Reish*, 307 F.3d 121, 130–31 (3d Cir. 2002), we considered the meaning of concurrently as used in U.S.S.G. § 5G1.3(c),[1] the relevant statutory provision, and held that it was "capable of meaning fully or retroactively concurrently...." Thus, at the time Tielsch entered his guilty plea, there was a reasonable basis for his belief that concurrently meant retroactively concurrent. However, well before the imposition of his sentence, it became clear that the government had a different and equally reasonable understanding of what concurrently meant. As noted above, the presentence report, issued more than one month prior to sentencing, states that "the parties ... will take differing positions as to the effective date of the concurrent federal sentence." To that end, the parties submitted memoranda detailing their respective positions on the issue, which were reiterated orally during the sentencing hearing. At no time during this period did Tielsch indicate that the government had breached the plea agreement, or that he wished to withdraw his plea based on a misunderstanding as to the terms of the agreement. Thus, even assuming there was some initial confusion as to the effective date of the federal sentence, the record clearly reflects that Tielsch made an informed decision to go forward with the plea agreement after learning that the government would recommend that his sentences run concurrently from the date the federal sentence was imposed.

Moreover, Tielsch knew that the Court was not bound by a recommendation for a concurrent sentence in any event. It is only on appeal that he argues that the government violated the agreement. Under these circumstances, Tielsch's claim of breach is nothing more than a pretext to get a second bite at the sentencing apple after suffering an unfavorable, but not completely unexpected, decision. This, however, is not a sufficient basis to reverse Tielsch's conviction and sentence.[2]

### III

Based on the foregoing analysis, we will affirm the judgment of conviction and sentence imposed by the district court.

1. Section 5G1.3(c) provides: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

2. Tielsch actually seeks more than just a reversal of his conviction and sentence; he requests that we order the district court to resentence him with an effective date of February 17, 2000. However, the only possible relief if Tielsch were to prevail would be to allow him to withdraw his plea, nothing more.